UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

David R. Horn,

Plaintiff,

v.

University of Minnesota,

Defendant.

Case No. 01-CV-967 DWF/AJB

**STIPULATION AND AGREEMENT FOR PROTECTIVE ORDER**

---

Plaintiff David R. Horn ("Mr. Horn") and Defendant University of Minnesota ("the University"), by and through their undersigned counsel, hereby stipulate and agree as follows:

WHEREAS, Mr. Horn, in connection with his claims in the above-captioned case, seeks to obtain applicant data, hiring data, evaluative data, and other information related to employees at the University of Minnesota through document production and deposition testimony;

WHEREAS, such information may be classified as private personnel data under the Minnesota Government Data Practices Act, Minn. Stat. § 13.43; and

NOW THEREFORE, the parties agree as follows:

1. The University will make available to Mr. Horn's attorney for inspection and copying the following documents under the terms and conditions specified below:

   a. Data about applicants, employees, and employee evaluations.

2. The University will not object to deposition testimony on the subjects identified in paragraph 1 *supra,* under the terms and conditions specified below.

FILED NOV 8 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

3. The production of the foregoing documents and the provision of deposition testimony shall be on the following terms and conditions:

a. The documents to be produced in response to this Stipulation and Agreement and pursuant to the accompanying Order shall be considered "Confidential Materials" under the terms of the Stipulation and Agreement and accompanying Order, and this shall govern the examination and use of such documents.

b. Confidential Materials and information derived therefrom shall be disclosed to and used only by "Qualified Persons," as defined in paragraph 3.d., *infra*. The Confidential Materials shall not be disclosed to any other person unless and until otherwise agreed to by the University or ordered by the Court hearing this action. It is expressly understood that Mr. Horn or his counsel may not use the Confidential Materials for any purpose or advantage outside the scope of the issues directly addressed by this action.

c. If Mr. Horn's counsel wishes to use or inquire about Confidential Materials or information derived therefrom at any deposition, the portion of the deposition transcript that relates to the Confidential Materials or information derived therefrom will be designated as Confidential, and shall be treated as Confidential Materials subject to the provisions of this Stipulation and Agreement and pursuant to the accompanying Order.

d. Confidential Materials, including portions of deposition transcripts that constitute Confidential Materials or information derived therefrom, may be disclosed or made available by counsel for the parties only to "Qualified Persons" as defined herein. "Qualified Persons" are:

i. The Court, subject to the provisions of subparagraph 3.g. *infra*;

ii. Counsel for the parties to the action, the parties, and the paralegals, clerical, and secretarial staff employed by such counsel and any expert witnesses and attendant expert witness staff retained by the parties;

iii. Court reporters employed in connection with any deposition in the action; and

iv. Any other person that the parties agree to in writing.

e. Confidential Materials or information derived therefrom shall not be disclosed by any Qualified Person to any other person or persons, except as provided in subparagraph 3.g. *infra*.

f. If Confidential Materials (including portions of deposition transcripts) or information derived therefrom are to be included in any papers to be filed in the Court, such papers shall be labeled "Confidential," filed under seal, and kept under seal until further order of the Court.

g. Nothing contained in this Stipulation and Agreement and accompanying Order shall preclude a party from showing any Confidential Materials or disclosing information derived therefrom to any actual or potential third party witnesses, either prior to a deposition or trial or during a deposition or trial, provided that:

i. If such disclosure is at a deposition, only Qualified Persons may be present, except for counsel for the witness;

ii. The actual or potential witness may not be given a copy of any Confidential Materials to take with him or her; and

iii. The actual or potential witness shall be provided a copy of this Order and advised that it is applicable to him or her. Such actual or potential witness and his or his attorney shall be bound by subparagraph 3.b. of this Stipulation and Agreement and accompanying Order requiring that Confidential Materials be held in confidence, and shall not disclose the Confidential Materials nor any information derived therefrom to anyone who is not a Qualified Person within the meaning of this order.

4. In the event that any Confidential Materials or information derived therefrom are used in a court proceeding herein, such documents or information shall not lose their confidential status through such use.

5. In the event Mr. Horn or his counsel discloses Confidential Materials to persons not deemed Qualified Persons under this Stipulation, Agreement and Order, the University may move the Court for a contempt order.

6. Nothing herein shall be construed to affect in any way the University's rights to object to the admissibility of any document, testimony, or other evidence at trial.

7. Upon termination of this litigation, counsel for Mr. Horn shall promptly return all Confidential Materials and copies thereof to the University's counsel.

8. The designation of any document, information, or thing as confidential under this Order is for purposes of this Protective Order only and shall not be used for the purpose of interpretation of other legal or substantive issues raised in this or any other litigation apart from the application of this Stipulation and Agreement and accompanying Order.

Dated: 6 Nov. 2001

MARK B. ROTENBERG
General Counsel
University of Minnesota

By: [signature]
Jeffrey G. Vigil (#241520)
Associate General Counsel

360 McNamara Alumni Center
200 Oak Street S.E.
Minneapolis, MN 55455-2006
612-624-4100

Attorneys for Defendant

Dated: November 5, 2001

SCHERMER & GUY, PLLP

By: [signature]
Judith K. Schermer (#183052)
950 Lumber Exchange Building
10 South Fifth Street
Minneapolis, MN 55402
612-843-5400

Attorneys for Plaintiff

**ORDER**

IT IS HEREBY ORDERED, pursuant to the foregoing Stipulation and Agreement, that Defendant shall produce the above-described documents and information pursuant to the protections set forth above.

Dated: 11/8/01

Honorable Arthur J. Boylan
United States Magistrate Judge

NOV 8 2001

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.