**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

DAVID R. HORN,

Plaintiff,

v.

UNIVERSITY OF MINNESOTA,

Defendant.

Civil No. 01-967 DWF/AJB

**ORDER**

---

The above matter came before the Court on Defendant's motion for sanctions and/or to compel discovery. Based on the file, affidavits, memoranda and arguments of counsel, IT IS HEREBY ORDERED THAT:

1. Defendant's motion is **denied in part and dismissed without prejudice in part**. [Docket No. 8];

2. Defendant's motion is denied, to the extent that it seeks medical records and a medical-record release;

3. At trial, Plaintiff may not present evidence of a physical or mental condition, other than evidence of general mental and/or emotional distress;

4. Defendant's motion, to the extent it seeks all other information, presents no justiciable controversy (moot) and is therefore dismissed without prejudice;

5. Defendant's request for sanctions is denied;

6. Defendant's motion is denied, to the extent that it seeks an extension of the discovery deadline for itself, but not for Plaintiff; and

MAR - 8 2002
FILED
JUDGMENT ENTD
DEPUTY CLERK

7. The discovery deadline, for both parties, is extended to June 7, 2002.

Dated: 3/8/02

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

This matter is before the Court on Defendant's motion to compel and/or for sanctions. At the hearing on this matter, the discovery dispute had apparently been resolved, except to the extent that Defendant sought (1) medical records, (2) a medical-record release, (3) sanctions and (4) an extension of the discovery deadline for itself, but not for Plaintiff.

The Court concludes that Defendant should not have access to Plaintiff's medical records. Plaintiff has not alleged an ongoing physical or mental condition. Instead, Plaintiff has merely alleged general mental/emotional distress. Although Plaintiff's medical records *might* lie within the very outer boundaries of relevancy, the potential evidentiary value of the records is greatly outweighed by privacy concerns.

The Court also declines to award sanctions in this instance. Defendant did not certify, to the Court's satisfaction, that a good faith effort was made to avoid Court intervention. The Court acknowledges that Defendant sent several follow-up letters seeking discovery. But, the Court must stand firm behind the policy, which underpins the certification requirement found in the rules. Too much is at stake. Discovery disputes, if not reigned in, can constitute some of the most inefficient use of judicial resources.

AJB